IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10370
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROGELIO ALVELAIS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-221-1-X
--------------------
May 3, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Rogelio Alvelais appeals after being convicted of conspiring to possess with intent to distribute and to distribute cocaine, unlawfully using a communication facility, and aiding and abetting the possession of cocaine with intent to distribute. The Government has filed a motion to supplement the record, which is GRANTED.

    On appeal, Alvelais first challenges the district court's decision to admit into evidence Government-proferred transcripts which translated recorded conversations from Spanish into

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

English.  He maintains that the Government failed to authenticate the transcripts because its translator failed to certify the accuracy of the transcripts.  He further maintains that the admission of the transcripts into evidence constituted an abuse of discretion, particularly when there was an official court interpreter present who could have translated the conversations.  Alvelais' argument is unavailing.  Jesus Gallo, a special agent with the Drug Enforcement Administration who was a party to each of the recorded conversations and whose native language is Spanish, testified that he had reviewed the English transcripts while listening to the tapes and that the transcripts were accurate translations of the tapes.  That testimony was sufficient to authenticate the transcripts.  See United States v. Sutherland, 656 F.2d 1181, 1201 (5th Cir. 1981); United States v. Rochan, 563 F.2d 1246, 1251-52 (5th Cir. 1977).  Accordingly, the district court did not abuse its discretion when it admitted the transcripts into evidence.  See United States v. Thompson, 130 F.3d 676, 683 (5th Cir. 1997).

Alvelais next contends that the district court made comments at trial which violated his right to due process.  He points to three examples in the record, two of which he concedes the district court made outside the presence of the jury.  The comments referenced by Alvelais, however, do not "amount to an intervention that could have led the jury to a predisposition of guilt by improperly confusing the function of the judge and prosecutor."  See id. at 685 (internal quotations and citations omitted).  Accordingly, Alvelais has not shown any error, plain

or otherwise, with respect to this issue.  See id. at 685 n.14;
United States v. Iredia, 866 F.2d 114, 119 (5th Cir. 1989);
United States v. Davis, 752 F.2d 963, 974-75 (5th Cir. 1985).

Alvelais also contends that his prosecution violated the
Speedy Trial Act.  This contention is without merit given the
numerous pretrial motions filed by his codefendants.  See
18 U.S.C. § 3161(c)(1), (h)(1)(F); United States v. Franklin, 148
F.3d 451, 455 (5th Cir. 1998).

Finally, Alvelais maintains that there is insufficient
evidence to support his conviction for aiding and abetting the
possession of cocaine with intent to distribute.[1]  As the
Government points out, review is for plain error only because
Alvelais failed to renew his motion for judgment of acquittal at
the close of all evidence.  See United States v. McCarty, 36 F.3d
1349, 1358 (5th Cir. 1994).  Because the record contains evidence
pointing to Alvelais' guilt for aiding and abetting the
possession of cocaine with intent to distribute and because that
evidence is not "so tenuous that a conviction would be shocking,"
no miscarriage of justice has occurred.  See id. (internal
quotations and citation omitted); United States v. Crooks,
83 F.3d 103, 106 (5th Cir. 1996).  Accordingly, the district
court's judgment is AFFIRMED.

MOTION TO SUPPLEMENT THE RECORD GRANTED; JUDGMENT AFFIRMED.

---

[1]  Alvelais does not challenge his conviction under 21
U.S.C. § 846 for conspiracy or his convictions under 21 U.S.C.
§ 843(b) for unlawful use of a communication facility.